IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

DAWN REEVES                                                                                              PLAINTIFF
*on behalf of*
A MINOR CHILD, J.V.

vs.                                        Civil No. 6:06-cv-06076

MICHAEL J. ASTRUE[1]                                                                                DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Dawn Reeves ("Plaintiff") brings this action on behalf of a minor child, J.V., and pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying J.V.'s application for Supplemental Security Income ("SSI") under Title XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (Doc. No. 7).[2] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff protectively filed an application for SSI on behalf of her grandson, J.V., on

---

[1] Michael J. Astrue became the Social Security Commissioner on February 12, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue has been substituted for acting Commissioner Jo Anne B. Barnhart as the defendant in this suit.

[2] The docket numbers for this case are referenced by the designation "Doc. No." The transcript pages for this case are referenced by the designation "Tr."

November 14, 2003. (Tr. 56). In this application, Plaintiff alleged J.V. was disabled due to Attention Deficit Hyperactivity Disorder ("ADHD") and Fetal Alcohol Syndrome ("FAS"). (Tr. 57-59, 87-97). Plaintiff also alleged J.V. was disabled because he suffered from borderline intellectual functioning, adjustment disorder with disturbance of emotions and conduct, neurological deficits, and delayed social skills. (Tr. 254-286); (Doc. No. 8, Pages 1-4). Plaintiff alleged J.V.'s onset date was March 9, 1998, his date of birth. (Tr. 57-59, 87-97).

This application was initially denied on March 10, 2004 and was denied again on reconsideration on May 19, 2004. (Tr. 41-44). Plaintiff requested an administrative hearing which was held on March 2, 2005 in Hot Springs, Arkansas. (Tr. 252-268). Plaintiff and J.V. were present and were represented by counsel, Don Pullen, at this hearing. *See id.* Only Plaintiff testified at this hearing. *See id.* At the time of this hearing, J.V. was six years old and was in kindergarten. (Tr. 256).

On May 27, 2005, the ALJ entered a fully favorable decision and granted Plaintiff's request for disability benefits for J.V. (Tr. 191-201). The ALJ determined that even though J.V. did not have an extreme limitation in any of his areas of functioning, he did have a marked limitation in acquiring and using information and in attending and completing tasks. (Tr. 200, Finding 5). Based upon this finding, the ALJ determined that J.V. was under a "disability," as defined in the Act from Plaintiff's protective filing date through the date of the ALJ's decision. (Tr. 200, Finding 7).

On June 22, 2005, the Appeals Council filed, on its own motion, a request for review of the ALJ's May 27, 2005 hearing decision. (Tr. 32A). The Appeals Council conducted an independent review and, on September 25, 2005, determined the ALJ's decision was not supported by substantial evidence. (Tr. 202). The Appeals Council found that J.V.'s records indicated he had improved

throughout the course of his treatment and he appeared to "no longer be markedly limited in acquiring and using information and in attending and completing tasks." (Tr. 204). The Appeals Council reversed and remanded J.V.'s case to the ALJ for further development and review and directed the ALJ to obtain J.V.'s school records from the 2004-2005 school year and treatment records from January 28, 2005 forward. *See id.*

After this remand, the ALJ held a second administrative hearing on December 6, 2005 in Hot Springs, Arkansas. (Tr. 269-286). Plaintiff and J.V. were present and were represented by counsel, Don Pullen, at this hearing. *See id.* Only Plaintiff testified at this hearing. *See id.* At the time of this second hearing, J.V. was seven and one-half years old and was in the first grade. (Tr. 272).

On June 30, 2006, the ALJ entered an unfavorable decision denying Plaintiff's request for disability benefits for J.V. (Tr. 13-22). In this opinion, the ALJ determined that J.V. was an eight-year-old child who had never engaged in Substantial Gainful Activity ("SGA"). (Tr. 21, Finding 1). The ALJ determined that J.V. suffered from the severe impairment of ADHD. (Tr. 21, Finding 2). The ALJ, however, determined that the medical evidence did not establish that J.V. had an impairment or a combination of impairments that were either listed in, or medically equal to, one listed in Appendix 1, Subpart P, Regulation No. 4 ("Listings"). (Tr. 21, Finding 3).

The ALJ also determined that J.V. had less than a marked limitation in the first domain of acquiring and using information, the second domain of attending and completing tasks, the third domain of interacting and relating with others, and the fifth domain of caring for himself.[3] (Tr. 21, Finding 4). Based upon these findings, the ALJ determined J.V. did not have an impairment or a combination of impairments functionally equivalent to a listed impairment and determined J.V. was

---

[3] In this opinion, the ALJ made no finding regarding J.V.'s fourth domain of functioning.

not disabled within the meaning of the Act for purposes of eligibility for SSI. (Tr. 21, Findings 5-6).

On November 8, 2007, the Appeals Council declined to review the ALJ's unfavorable decision. (Tr. 5-7). On December 13, 2006, Plaintiff filed the present appeal. (Doc. No. 1). The case was referred to the undersigned on February 20, 2007. Both Plaintiff and Defendant have filed appeal briefs. (Doc. Nos. 8-9). This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence in the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

In this case, Plaintiff is seeking disability benefits on behalf of a minor child. On August 22, 1996, Congress enacted the Personal Responsibility and Work Opportunity Reconciliation Act of 1996, Public Law No. 104-193, 110 Stat. 2105 (1996) (codified at 42 U.S.C. § 1382c(a)(3)(C)), which provided a more stringent standard for determining eligibility for Title XVI childhood

4

disability benefits than the old law and prior regulations required. *See Rucker v. Apfel*, 141 F.3d 1256, 1259 (8th Cir. 1998); 142 Cong. Rec. H8913; H.R. Conf. Rep. No. 725, 104th Cong. 2d Sess. 328 (1996), reprinted in 1996 U.S. Code, Cong. and Ad. News 2649, 2716; Federal Register, Vol. 62, No. 28, p. 6409. Among other things, the new law amended Section 1614(a)(3) of the Act, 42 U.S.C. § 1382c(a)(3), and changed the statutory definition of disability for individuals under age eighteen (18) under the SSI program. Under the new standard, a child is entitled to disability benefits only if he or she has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. *See* Pub. L. No. 104-193 § 211(a)(4)(c); 20 C.F.R. § 416.906. The new standard applies to all applicants who filed claims on or after August 22, 1996, or whose claims had not been finally adjudicated by August 22, 1996. Since Plaintiff filed her application in 2004, the new law applies.

Under the new law, the ALJ's disability determination is based upon a three-step analysis. *See* 20 C.F.R. § 416.924.  First, the ALJ must determine whether the minor child has engaged in substantial gainful activity.  If not, the ALJ will proceed to the second step where the ALJ must consider whether the child has a severe impairment.  If a severe impairment is found, the ALJ will proceed to the third step.  At this step, the ALJ, must consider whether the impairment meets, or is medically or functionally equivalent, to a disability listing in the Listing of Impairments ("Listings"), *See* 20 C.F.R. pt. 404, subpt. P, app. 1.  A minor child may be disabled if his or her impairment is functionally equivalent to a disability listing, even if the minor child's impairment does not meet the standard requirements for a disability listing.  *See* 20 C.F.R. § 416.924(d)(1).

A single method is provided for evaluating whether an impairment is "functionally

equivalent" to a disability listing, based upon six domains of functioning. The six domains are the following: (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, (5) caring for himself or herself, and (6) health and physical well-being. *See* 20 C.F.R. § 416.926a(b)(1). If the minor child claiming benefits has "marked" limitations in two of these domains or an "extreme" limitation in one of these domains, then the child's impairment is functionally equivalent to a disability listing. *See id.* § 416.926a(a); *Moore ex rel. Moore v. Barnhart,* 413 F.3d 718, 721 (8th Cir. 2005).

A "marked" limitation is a limitation that is "more than moderate" and "less than extreme." *See id.* § 416.926a(e); *Lehnartz v. Barnhart,* No. 04-3818, 2005 WL 1767944, at *3 (8th Cir. July 27, 2005). A marked limitation is one that seriously interferes with a child's ability to independently initiate, sustain, or complete activities. *See* 20 C.F.R. § 416.926a(e). An "extreme" limitation is more than "marked" and exists when a child's impairment(s) interferes very seriously with his or her ability to independently initiate, sustain or complete activities. *See id.* "Extreme" limitation is the rating the Commissioner gives to the most serious limitations. *See id.*

**3. Discussion:**

The parties do not dispute that J.V. meets the disability requirements of Step 1 (J.V. has not engaged in SGA) and Step 2 (J.V.'s impairment is severe) of the Analysis. Plaintiff, however, does claim the ALJ erred in finding that J.V. was not disabled at Step 3 of the Analysis. (Doc. No. 8, Pages 4-20). Specifically, Plaintiff claims that J.V.'s ADHD, delayed social skills, and low borderline intellectual functioning are impairments functionally equivalent to the listed impairments. *See id.* Plaintiff also claims that J.V. has a marked or extreme limitation in Domain 1 (Acquiring and using information), Domain 2 (Attending and completing tasks), and Domain 3 (Interacting and

6

relating with others).[4]  *See id.* at 19.

This Court has considered all arguments raised in the parties' appeal briefs and has considered the transcript in J.V.'s case. (Doc. Nos. 8-9). Based upon this review, this Court finds that the ALJ's hearing decision dated June 30, 2006 is not supported by substantial evidence and should be reversed and remanded because the ALJ failed to properly evaluate Plaintiff's subjective complaints pursuant to 20 C.F.R. § 416.929.[5]

In a child disability case, the Social Security Regulations clearly state that the ALJ is required to analyze subjective complaints in accordance with the seven factors from 20 C.F.R. § 416.929(a)(3). *See Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) (requiring analysis of five of those factors). The ALJ must consider these factors, which provide as follows, in order to determine the child's functional limitations: (1) the child's daily activities; (2) the location, duration, frequency, and intensity of the child's pain or other symptoms; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of the child's medication; (5) treatment, other than medication, that the child receives or has received for relief of pain or other symptoms; (6) any measures the child uses or has used to relieve his or her pain or other symptoms; and (7) other factors concerning the child's functional limitations or restrictions due to pain or other symptoms. *See* 20 C.F.R. § 416.929(a)(3); *Polaski,* 739 at 1322. The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines those factors prior to discounting the subjective complaints regarding the child's functional limitations. *See Lowe v. Apfel,* 226 F.3d 969,

---

[4] In her Appeal Brief, Plaintiff makes the cursory claim that J.V. *meets* the requirements of the listed impairments. (Doc. No. 8, Page 4). This appears to be a misstatement. *See id.* Plaintiff, instead, argues in her Appeal Brief that J.V.'s impairments are *functionally equivalent* to the listed impairments. *See id.* at 3-20.

[5] This issue was not raised in Plaintiff's Appeal Brief but is based upon this Court's independent review of the transcript. *See Battles v. Shalala,* 36 F.3d 43 n. 2 (8th Cir. 1994) (noting that a court may raise issues *sua sponte*).

971-72 (8th Cir. 2000).

In the present action, the ALJ did not analyze any of the seven factors from 20 C.F.R. § 416.929(a)(3). (Tr. 20). Instead, the ALJ discounted Plaintiff's subjective complaints of J.V.'s limitations in a cursory manner by stating the following:

> In determining whether the claimant is under a disability, the undersigned must consider not only the medical evidence but also any subjective allegations (20 C.F.R. § 416.929). Statements given by the claimant's grandmother are not persuasive in light of the medical history. The claimant's grandmother alleges continued problems with the claimant's behavior at home and at school. However, records from and [sic] claimant's school reveals [sic] that the claimant has little problems with the behavior or attention and concentration.

(Tr. 20). As it is clear from this paragraph, the ALJ did not even attempt to discuss these seven factors. Because the ALJ's analysis of Plaintiff's subjective complaints was insufficient, this case must be reversed and remanded.

### 4. Conclusion:

Based upon the foregoing, the decision of the ALJ, denying benefits to J.V., is not supported by substantial evidence and must be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 10th day of October, 2007.**

,

                                            /s/   Barry A. Bryant
                                            Honorable Barry A. Bryant
                                            United States Magistrate Judge